UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                              :
BORN I. RUSH,                 :
                              :
          Petitioner,         :    Civ. No. 13-4788 (NLH)
                              :
      v.                      :    OPINION
                              :
WARDEN J.T. SHARTLE,          :
                              :
          Respondent.         :
_____:
```

APPEARANCES:
Born I. Rush, #60836-050
FCI Fairton
P.O. BOX 420
Fairton, NJ 08320
     Petitioner Pro se

Elizabeth Ann Pascal
Office of the United States Attorney
401 Market St.
P.O. Box 2098
Camden, NJ 08101
     Counsel for Respondent


HILLMAN, District Judge

     On or about August 9, 2013, Petitioner Born I. Rush, a

prisoner confined at the Federal Correctional Institution in

Fairton, New Jersey, filed this writ of habeas corpus under 28

U.S.C. § 2241, challenging the calculation of his sentence. (ECF

No. 1).  Petitioner paid the filing fee and, on November 19,

2013, the Court ordered an Answer from Respondent. (ECF No. 2).

On December 18, 2013, Respondent filed his Response. (ECF No.

5).  Petitioner filed his Traverse on January 17, 2014. (ECF No.
6).  This matter is now fully briefed.  For the reasons that
follow, the Petition will be denied.

I.   BACKGROUND

Petitioner was arrested by New Jersey state authorities for
possession of a handgun on February 24, 2009 and was remanded to
the Monmouth County Jail.  On March 12, 2009, the United States
District Court for the District of New Jersey (the "federal
court") entered an Indictment against Petitioner for a drug-
related offense.  On August 5, 2009, Petitioner appeared before
the federal court via a writ of habeas corpus ad prosequendum,
where he pled guilty to one count of the Indictment.  On August
12, 2009, Petitioner was returned to the Monmouth County Jail.
Thereafter — from October 8, 2009 to January 31, 2011 —
Petitioner appeared in federal court via a writs of habeas
corpus ad prosequendum on seven occasions.  At the conclusion of
each federal proceeding, he was returned to the Monmouth County
Jail.

Petitioner was sentenced on the drug-related offense in
federal court on January 24, 2011 to 96 months' imprisonment.
The federal sentencing order did not provide any guidance as to
whether this sentence was to run concurrent to, or consecutive
to, any state-imposed sentence.  After the sentencing hearing,

2

Petitioner returned to the Monmouth County Jail, where his federal sentence was lodged as a detainer.

On December 23, 2011, Petitioner was sentenced in the state court on the handgun offense to eight years' imprisonment to run concurrent to his federal sentence.  Petitioner was then remanded to state custody to serve his sentence.  On March 9, 2012, Petitioner was resentenced in the state court for the specific purpose of making his state sentence run concurrent to his federal sentence.  Per the resentencing order entered on that date, Petitioner was resentenced to a term of three years in the custody of the commissioner of the New Jersey Department of Corrections. (Pet. 15, Ex. B, State Resentencing Order, ECF No. 1).  He was then paroled from his state sentence three days later, on March 13, 2012.

After his parole from the state sentence on March 13, 2012, Petitioner was turned over to the United States Marshal Service to commence service of his federal sentence.  On June 18, 2012, Petitioner filed an administrative remedy with the Bureau of Prisons ("BOP") seeking jail time credit on his federal sentence, as well as a nunc pro tunc designation.  On August 3, 2012, the Bureau of Prisons contacted the federal sentencing court to obtain an opinion regarding a nunc pro tunc designation.

On October 2, 2012, the federal court denied Petitioner's request for retroactive designation, and the Order denying same appears on the docket in Petitioner's underlying criminal case. See Letter Order, United States v. Rush, Crim. No. 09-174 (AET) (D.N.J. Oct. 2, 2012) ECF No. 41.  On October 3, 2012, the BOP likewise denied Plaintiff's request for retroactive designation.

Petitioner then filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the BOP's computation of his sentence.  Specifically, Petitioner seeks prior custody credit for time he spent in the Monmouth County Jail from March 19, 2009 to March 13, 2012.[1]

In his Petition, Petitioner cites four potential sources of error.  Specifically, Petitioner argues (1) "his right to due process was abridged because an act of the B.O.P. negated a factual assumption of the sentencing judge which formed part of the basis of his sentence;" (2) "his guilty plea to the state charges was induced by a promise which was later negated by an act of the B.O.P.;" (3) "the B.O.P.'s decision to make petitioner's sentences run consecutively amounted to an

---

[1] Although he does not specify the relief he seeks in his Petition, it is evident that Petitioner seeks credit for this time period based on an attachment to his Petition (Pet. 22, Request for Administrative Remedy, June 13, 2012, ECF No. 1), as well as from statements made in Petitioner's Traverse (Traverse 1, ECF No. 6).

4

unconstitutional usurpation of a judicial function by an executive agency;" and (4) "the B.O.P. abused its discretion when it denied the nunc pro tunc request because it failed to give appropriate weight to 3621(b)'s factors." (Pet. 10, ECF No. 1).

In his Answer (ECF No. 5), Respondent asserts that the BOP properly calculated Petitioner's sentence in accordance with all applicable statutes and policies. Further, Respondent contends that there has been no due process violation because the BOP properly considered Petitioner's request for retroactive designation.

Petitioner has filed a Traverse (ECF No. 6), in which he reiterates and expands upon many of the arguments set forth in his Petition.[2]

---

[2] To the extent Petitioner means to assert any new arguments in his Traverse, the Court will not consider these arguments as they are procedurally invalid. See  Martinez v. Nash, No. 05-0461, 2006 WL 2241604, at *10 (D.N.J. Aug. 2, 2006) (citing United States v. Barrett, 178 F.3d 34, 45 (1st Cir. 1999), cert. denied, 528 U.S. 1176 (2000)) (finding that traverse in petition filed under § 2241 was not the proper pleading in which to raise additional grounds for relief); see also Tyler v. Mitchell, 416 F.3d 500, 504 (6th Cir. 2005) (an argument that was first presented in the petitioner's "traverse rather than in his habeas petition[ ] was not properly before the district court.") (collecting cases); Ryan v. Hendricks, No. 04-4447, 2014 WL 268578, at *3 n.4 (D.N.J. Jan. 23, 2014) (same).

II.  <u>STANDARD OF REVIEW</u>

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A <u>pro se</u> pleading is held to less stringent standards than more formal pleadings drafted by lawyers. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A <u>pro se</u> habeas petition must be construed liberally. <u>See</u> <u>Hunterson v. DiSabato</u>, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. <u>See</u> <u>Denny v. Schult</u>, 708 F.3d 140, 148 n.3 (3d Cir. 2013); <u>See also</u> 28 U.S.C. §§ 2243, 2255.

III. <u>DISCUSSION</u>

A. <u>Jurisdiction</u>

Habeas corpus is an appropriate mechanism for a federal prisoner to challenge the execution of his sentence. <u>See</u> <u>Coady v. Vaughn</u>, 251 F.3d 480, 485–86 (3d Cir. 2001); <u>Barden v. Keohane</u>, 921 F.2d 476, 478–79 (3d Cir. 1990).  Additionally, "[f]ederal prisoners are ordinarily required to exhaust their

administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).

In this case, Petitioner files this habeas petition challenging the BOP's execution of his federal sentence. Respondent concedes that Petitioner has exhausted his administrative remedies.  Accordingly, this Court has jurisdiction over the instant habeas petition pursuant to 28 U.S.C. § 2241. See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242 (3d Cir. 2005).

B. Analysis

As set forth above, Petitioner enumerates four separate arguments in the conclusion section of his Petition. (Pet. 10, ECF No. 1).  His first and third arguments are related to his assertion that his state and federal sentences should have run concurrently.  Petitioner's second argument attacks the constitutionality of his plea agreement.  And Petitioner's fourth argument challenges the BOP's decision to deny Petitioner a nunc pro tunc designation.

However, in construing the Petition liberally, as this Court must, see Hunterson, 308 F.3d at 243, the Court perceives additional challenges.  Specifically, the Court determines that Petitioner also disputes the commencement date of his federal sentence and the calculation of credit against his federal

7

sentence.  The Court will address each argument in an order which resolves each ground most efficiently and clearly.

1. Petitioner's challenges to the commencement date and sentence credit awarded against his federal sentence

As an initial matter, the Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, see United States v. Wilson, 503 U.S. 329 (1992) and 18 U.S.C. § 3585, and the Attorney General has delegated that authority to the BOP, see 28 C.F.R. § 0.96 (1992).

Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination.  First, the BOP determines the date on which the federal sentence commences and, second, the BOP determines the extent to which credit is awardable for time spent in custody prior to commencement of the sentence.

   (a) Commencement of sentence. — A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

   (b) Credit for prior custody. — A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences —

      (1) as a result of the offense for which the sentence was imposed; or

8

> (2) as a result of any other charge for which the
> defendant was arrested after the commission of the
> offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(a), (b).

In this case, Petitioner asserts that, for purposes of the commencement date calculation, he was received into federal custody on June 12, 2009[3] because he "satisfied [his] state parole sentence" on that date. (Pet. 2, 6, ECF No. 1).  However, it is unclear how Petitioner satisfied his state parole sentence on June 12, 2009 when Petitioner had not yet been convicted for, let alone sentenced for, his state offense.  Thus, parole from the state sentence on this date seems to be an impossibility. Moreover, Petitioner does not offer any evidence to support the allegation that he was paroled on June 12, 2009.

Rather, the record shows that Petitioner was arrested by state authorities, and thus entered state custody, on February 24, 2009. See George v. Longley, 463 F. App'x 136, 138 n.4 (3d Cir. 2012) (collecting cases) (explaining that custody is usually determined on a first-exercised basis).  The record further indicates that — aside from appearances in federal court

---

[3] Plaintiff does not explain why he believes he is entitled to credit beginning on March 19, 2009 — the date the federal indictment against him was entered — when he claims that he was received in federal custody for purposes of calculating the commencement date of his federal sentence on June 12, 2009.

on writs of habeas corpus ad prosequendum — Petitioner remained in state custody from the time of his arrest on February 24, 2009 to the time he was discharged from state custody on March 13, 2012. (Ex. to Kitka Decl. 34, Attach. 7, Final Discharge, ECF No. 5-2); Williams v. Zickefoose, 504 F. App'x 105, 107 n. 1 (3d Cir. 2012) (citations omitted) (holding that "a prisoner detained pursuant to a writ of habeas corpus ad prosequendum remains in the primary custody of the first jurisdiction ... 'unless and until the first sovereign relinquishes jurisdiction over the prisoner.'"). Accordingly, the BOP properly determined that Petitioner commenced service of his federal sentence on March 13, 2012, the date he was received into exclusive federal custody. See Perry v. Warden Fort Dix FCI, 609 F. App'x 725, 727 (3d Cir. 2015).

With respect to sentence credit, the record shows that Petitioner's state sentence was credited 1,031 days, representing the total amount of time Petitioner spent in state custody since his arrest on February 24, 2009. (Ex. to Kitka Decl. 30-32, Attach. 6, State Sentencing Order, ECF No. 5-2). Petitioner again received this credit toward his state sentence when he was resentenced by the state on March 9, 2012. (Pet. 15-17, Ex. B, State Resentencing Order, ECF No. 1). Thus, pursuant to § 3585(b), the BOP correctly concluded that Petitioner was not entitled to credit against his federal sentence for time

that had been already credited against his state sentence. 18 U.S.C. § 3585 (b); see also Wilson, 503 U.S. at 337.

Although Petitioner repeatedly asserts that he entered federal custody on June 12, 2009 because his "state parole was satisfied," he also contends that he "made bail, but was never released and was held in custody for a federal detainer lodged against him[.]" (Pet. 6, ECF No. 1). Further, Petitioner cites to Willis v. United States, 438 F.2d 923 (5th Cir. 1971) in support of his argument that he should receive credit against his federal sentence for time spent in detention since March 19, 2009. (Pet. 6, ECF No. 1). Presumably, then, Petitioner contends that he falls within the Willis exception and should receive credit against his federal sentence.

In Willis, decided under former 18 U.S.C. § 3568, the Court of Appeals for the Fifth Circuit held that where a prisoner is denied release on bail on state charges because of a federal detainer, then that is time spent in custody in connection with the federal offense, and a federal prisoner may be entitled to credit — against his federal sentence — for that time if he is serving concurrent federal and state sentences where the state sentence will expire before the federal sentence.

However, as explained in further detail below, Petitioner in this case was not serving concurrent federal and state sentences. Thus, the limited exception to § 3585(b)'s

rule against double credit delineated in <u>Willis</u> is inapplicable to Petitioner.

For these reasons, the Petition is denied to the extent it challenges the calculation of Petitioner's sentence with specific respect to the commencement date of his federal sentence or the computation of his sentence credit.

2. <u>Petitioner's claim that the state and federal sentences should run concurrently (Enumerated Argument Nos. 1 & 3)</u>

As discussed above, the BOP is the agency responsible for implementing and applying federal law concerning the computation of federal sentences. <u>See</u> <u>Wilson</u>, 503 U.S. at 331; 28 C.F.R. § 0.96. A federal sentencing court's authority to order that a federal sentence be served concurrently with a state sentence is governed by 18 U.S.C. § 3584(a), which states, in relevant part:

> [I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively.... Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a).

Thus, if a federal sentencing court is silent as to whether a federal sentence is to be consecutive or concurrent to a state sentence, the BOP presumes that they are to be served consecutively. <u>See</u> <u>id.</u>; <u>George v. Longley</u>, 463 F. App'x 136, 141 (3d Cir. 2012).

However, in <u>Barden v. Keohane</u>, 921 F.2d 476, 482–83 (3d Cir. 1990), the Third Circuit acknowledged that the BOP has the authority to effectuate the service of concurrent federal and state sentences in circumstances when the intent of the federal sentencing court or the goals of the criminal justice system would make the exercise of that authority appropriate.  Pursuant to its authority under 18 U.S.C. § 3621(b), the BOP can retroactively designate a state institution as the detention facility where an inmate began service of his federal sentence. <u>Barden</u>, 921 F.2d at 482.  In effect, this designation will amount to the imposition of a retroactive concurrent federal sentence. <u>Id.</u>

An inmate may request this retroactive designation from the BOP and, although the BOP must consider the inmate's request for concurrent service of sentences, it is not obligated to grant same. <u>Barden</u>, 921 F.2d at 478 n.4.

In this case, the federal court did not specify whether the federal sentence was to run consecutive or concurrent to the state sentence. (Ex. To Kitka Decl. 24, Attach. 5, Federal Sentencing Order, ECF No. 5-2).  Accordingly, the default presumption is that Petitioner's sentences should run consecutively, which is precisely the conclusion reached by the BOP via its denial of Petitioner's request for retroactive

designation.  Nevertheless, Petitioner argues that his federal and state sentences should run concurrently.

In his third enumerated argument, Petitioner asserts that "the B.O.P.'s decision to make petitioner's sentences run consecutively amounted to an unconstitutional usurpation of a judicial function by an executive agency." (Pet. 10, ECF No. 1). The Court determines that this argument is entirely without merit.  Like the inmate in Barden, Petitioner in this case was in state custody, his federal sentence was imposed first, the federal sentencing court did not order that the federal sentence be served concurrently with any state sentence, and then the state court subsequently imposed a state sentence.  Accordingly, on the facts of this case it is only the Attorney General or the BOP, as his delegate, that has the power to order concurrency. See Barden 921 F.2d at 483.  No further discussion on this issue is warranted.

As his first ground for relief, Petitioner asserts that "the B.O.P. negated an assumption of fact upon which federal judge relied when determining his sentence." (Pet. 10, ECF No. 1).  In support of this assertion, Petitioner contends that "the B.O.P. has a duty, mandated by due process, to execute sentences in a manner that is consistent with the intent and beliefs of the sentencing judge." (Pet. 4, ECF No. 1).  Based on this language, it appears that Petitioner is alleging that the

federal sentencing court intended for Petitioner's federal and state sentences to run concurrently — which would support a retroactive designation under <u>Barden</u> — but that the BOP ignored this intention when it denied his request.

However, Petitioner has not offered any evidence to suggest that the federal sentencing court expressed any intention for concurrent sentences.  Petitioner vaguely refers to an "[un]expressed view[4] of the sentencing court," but he does not elaborate on this allegation; nor does he explain the contours of this alleged "[un]expressed view." (Pet. 9-10, ECF No. 1).

Moreover, the sentencing court — albeit through a different judge than the judge who originally sentenced him[5] — ultimately responded to the BOP's inquiry regarding retroactive designation

---

[4] In the context of the Petition, Petitioner states that it was "an abuse of discretion for the Bureau of prisons to simply defer to the expressed views of the sentencing court." (Pet. 9, ECF No. 1).  Thus, Petitioner implies that there may have been some "[un]expressed view" which the BOP had an obligation to consider.

[5] To the extent Petitioner argues that only the original sentencing judge can make the decision regarding concurrency of his state and federal sentences — and that a denial of a request for a retroactive designation from any other judge deprives Petitioner of due process — Petitioner's claim is without merit. In situations like the one presented in this case, it is the BOP who ultimately makes the determination regarding retroactive designation. <u>See</u> <u>Barden</u> 921 F.2d at 483 (holding that while the statute wisely requires the BOP to solicit the views of the sentencing judge whenever possible, his decision is not controlling under the statute and his unavailability does not relieve the Bureau of the duty to act in an appropriate case).

and the Order denying Petitioner's request appears on the docket in the underlying criminal case. See Letter Order, United States v. Rush, Crim. No. 09-174 (AET) (D.N.J. Oct. 2, 2012) ECF No. 41.

As set forth above, the federal sentencing order is silent as to whether the state and federal sentences should run consecutively or concurrently; and neither the record before the Court, nor the allegations of the Petition, establish that the federal sentencing court intended for the sentences to run concurrently.  Therefore, Petitioner's argument in this respect is without merit.

Petitioner also points to the order of the state court in support of his assertion that the state and federal sentences should run concurrently. (Pet. 13, Ex. A, State Sentencing Order, ECF No. 1).  The judgement of the state court expressly dictates that Petitioner's state sentence is to run concurrent to his federal sentence.  However, it is well settled in the Third Circuit that a state court's direction as to whether a state sentence should be concurrent or consecutive to a federal sentence is not binding on federal courts or on the BOP. See Galloway v. Warden of F.C.I. Fort Dix, 385 F. App'x 59, 61, 63, 65 (3d Cir. 2010) (noting that "neither the federal courts nor the BOP are bound in any way by a state court's direction that the state and federal sentences run concurrently" (citations

omitted)); see also Williams v. Zickefoose, No. 12-7203, 2014 WL
5391981, at *2 (D.N.J. Oct. 23, 2014) aff'd sub nom. Williams v.
Warden Fort Dix FCI, 610 F. App'x 104 (3d Cir. 2015).  Thus,
Petitioner's argument is without merit.

Further, the Court notes that Petitioner was resentenced on
March 9, 2012. (Pet. 15, Ex. B, State Resentencing Order, ECF
No. 1).  Petitioner explains that when he learned that the BOP
did not intend to comply with the intentions of the state
sentencing order, he contacted his lawyer, who then filed a
motion with the state court.  The state court then resentenced
Petitioner "to what was believed to be a correction that would
satisfy the plea to run state sentence and federal sentence
together without any prejudice toward the federal court." (Pet.
2, ECF No. 1).  Indeed, the state resentencing order expressly
indicated that "[t]he purpose of this is to resentence
[Petitioner] to make his sentence on I-09-11-02182 to run
concurrent to his federal sentence." (Pet. 15, Ex. B, ECF No.
1).  The resentence reduced Petitioner's sentence from eight
years to three years and resulted in his parole from his state
sentence mere days later, on March 13, 2012, and his release
into federal custody. (Id.).

This creative resentencing by the state court effectively
resulted in concurrent service of Petitioner's federal sentence

and the remainder of his state sentence.  Thus, Petitioner has already received part of the relief he seeks.

    3. <u>Petitioner's claim that his plea was induced by a promise which was later negated (Enumerated Argument No. 2)</u>

In this argument, Petitioner states that "his guilty plea to the state charges was induced by a promise which was later negated by an act of the B.O.P." (Pet. 10, ECF No. 1). Petitioner does not further elaborate on this argument in his Petition.  Nevertheless, to the extent Petitioner means to assert a due process argument related to his state plea agreement, such a claim does not concern the execution of Petitioner's sentence.  Accordingly, it is not cognizable in a petition filed pursuant to § 2241.[6] See <u>McGee v. Martinez</u>, 627

---

[6] Rather, a challenge to the constitutionality of a plea agreement is a challenge to the validity of the conviction, itself.  To the extent Petitioner means to challenge his state plea, such a claim would be more appropriately raised in an appeal or in a petition under 28 U.S.C. § 2254. See <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (holding that a habeas corpus petition filed under 28 U.S.C. § 2254 is the only proper mechanism for a state prisoner to challenge the "fact or duration" of his state confinement); BRIAN R. MEANS, FEDERAL HABEAS MANUAL § 1:34 (May 2013) ("The vast majority of courts have concluded that, although the texts of § 2241 and § 2254 appear similar in their grant of jurisdiction, § 2254 is the exclusive avenue for a state prisoner challenging the constitutionality of his detention.  Section 2254 is properly understood as in effect implementing the general grant of habeas corpus authority found in § 2241, even if the petitioner is not challenging the underlying state court conviction (such as challenges to parole determinations), so long as the person is in custody pursuant to the judgment of a state court.") (original emphasis removed).  To the extent Petitioner challenges his federal plea, such a claim would be

F.3d 933, 935 (3d Cir. 2010) (citing Coady, 251 F.3d at 485) (holding that section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."); see also Woodall, 432 F.3d at 241.  Accordingly, this claim is dismissed without prejudice to Petitioner clarifying his claim and asserting it in an appropriately filed petition or motion.

4. Petitioner's claim that the BOP abused its discretion in denying his request for a retroactive concurrent designation (Enumerated Argument No. 4)

As his fourth argument, Petitioner asserts that the BOP abused its discretion when it denied his request for retroactive, or nunc pro tunc, designation "because it failed to give appropriate weight to [§] 3621(b)'s factors." (Pet. 10, ECF No. 1).  As set forth above, the BOP has authority to designate as a place of federal confinement, nunc pro tunc, the facilities in which a federal prisoner such as Petitioner served an earlier state sentence. See Barden, 921 F.2d at 480-83 (a defendant is entitled to "fair treatment" on his application for a nunc pro tunc designation); 18 U.S.C. § 3621(b).  The decision of the BOP is subject to judicial review only for abuse of discretion. See id. at 478.

_____

more appropriately raised in a motion to vacate, correct or set aside the sentence pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255; McGee, 627 F.3d at 935.  This Court makes no determination as to the merits or timeliness of any such petition or motion.

In this case, Petitioner requested that the BOP retroactively designate the facility where he served his state sentence as the institution for service of his federal sentence and he exhausted his administrative remedies in this respect. On August 3, 2012, the BOP requested a statement from the federal sentencing court regarding its position on the retroactive designation but did not receive a direct response.[7]

The BOP then reviewed Petitioner's request for nunc pro tunc designation in accordance with the factors enumerated in 18 U.S.C. § 3621(b). On October 3, 2012, the BOP denied Petitioner's request. (Ex. to Kitka Decl. 59, Attach. 13, ECF No. 5-2). Specifically, the BOP considered all of the five § 3621(b) factors: (1) the resources of the facility contemplated; (2) the nature and circumstances of the federal offense, including the fact that the federal and state charges were not related; (3) the history and characteristics of the offender; (4) the lack of statement by the sentencing court concerning its

_____

[7] The record shows that the federal sentencing court ultimately expressed its position regarding retroactive designation by denying Petitioner's request. See (Ex. to Kitka Decl. 56-57, Attach. 12, Letter Order, ECF No. 5-2); Letter Order, United States v. Rush, Crim. No. 09-174 (AET) (D.N.J. Oct. 2, 2012) ECF No. 41. Although the letter from the BOP was dated August 3, 2012, the date stamp indicates that was received by the federal sentencing court on October 2, 2012. (Id.). It is unclear what caused this delay. Nevertheless, the federal sentencing court's failure to directly respond to the BOP has no bearing on the appropriateness of the BOP's decision to deny Petitioner's retroactive designation request.

position on a retroactive designation; and (5) any pertinent policy statement issued by the Sentencing Commission, a factor which was considered non-applicable in this case. (Id.).  Based on these factors, the BOP determined that the sentences should run consecutively.

The record clearly shows that the BOP properly contacted the sentencing court for its position, and properly reviewed Petitioner's history and case to determine whether a nunc pro tunc designation would be consistent with the intent of the sentencing court and the goals of the criminal justice system. In particular, the BOP noted that Petitioner's federal and state charges were not related, see 18 U.S.C. § 3621(b)(2), and considered the fact that Petitioner had a significant criminal history, see 18 U.S.C. § 3621(b)(3). (Ex. to Kitka Decl. 59, Attach. 13, ECF No. 5-2).  Petitioner has not identified any material information that was overlooked or discounted.[8]

---

[8] The Court notes that Petitioner cites a case from the Middle District of Pennsylvania, Bisulca v. Schism, No. 1:09-CV-2552, 2010 WL 2991232, at *4 (M.D. Pa. July 27, 2010), presumably, in support of his argument that he should have been granted nunc pro tunc designation. (Pet 9, ECF No. 1).  The portion of the case which Petitioner cites references several aspects of a prisoner's "history and characteristics" which could potentially be considered under the third factor of § 3621(b); including: the inmate's marital status, institutional programming and adjustment, educational level, secured residence and family ties.  However, Petitioner does not assert that any of these factors would apply favorably to him.

Therefore, Petitioner has not established any abuse of discretion in the BOP's consideration of his request for retroactive designation. <u>See e.g.</u>, <u>Ramos-Rodriguez v. Warden, FCI Fort Dix</u>, 446 F. App'x 417, 419 (3d Cir. 2011) (finding no abuse of discretion where the record showed that the BOP considered inmate's <u>nunc</u> <u>pro</u> <u>tunc</u> designation request, weighed the factors and exercised its broad discretion under § 3621(b)). Petitioner is not entitled to habeas relief in this respect.

IV.   <u>CONCLUSION</u>

For the foregoing reasons, Petitioner's challenge to the validity of his plea agreement will be dismissed as not cognizable under § 2241.  The remainder of the Petition is denied.

An appropriate Order will be entered.

__s/ Noel L. Hillman_____
NOEL L. HILLMAN
United States District Judge

Dated: September 22, 2015
Camden, New Jersey